UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Joy-Lena Waites, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>5E Real Estate LLC,<br><br>　　　　　　Defendant. | CASE NO.: 3:24-cv-2314<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

**Nature of this Action**

1.　　Joy-Lena Waites ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Defendant 5E Real Estate LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2.　　Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

3.　　Additionally, upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4) by delivering more than one advertisement or telemarketing message to residential or cellular telephone numbers while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

**Parties**

4.　　Plaintiff is a natural person who resides in Lancaster, Texas.

1

5. Defendant is a Texas limited liability company that runs a marketing and real estate business headquartered in Richardson, Texas.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

7. Venue is proper before this Court under to 28 U.S.C. § 1391 (b)(2) as a significant portion of the transactions giving rise to this action occurred in this district.

8. In particular, Defendant directed its text messages to Plaintiff's telephone in this district, and Plaintiff received Defendant's text messages in this district.

## Factual Allegations

9. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(972) 762-XXXX.

10. Plaintiff uses her cellular telephone as her personal residential telephone number.

11. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

12. Plaintiff registered her cellular telephone number with the DNC Registry on April 7, 2006, and has maintained that registration through the present date.

13. Starting in March 2024, Ms. Waites received at least two text messages from (469) 414-0038, each seeking to solicit Ms. Waites to use Defendant in the sale of her home:



14. Plaintiff did not recognize the sender, is not selling her home, and was not looking to sell her home.

15. The unsolicited text messages sent by Defendant allude to a "SMDHF" moniker that was unknown to Plaintiff.

16. Because Plaintiff did not want to receive unsolicited text messages from senders she did not recognize, Plaintiff replied with a "STOP" instruction to Defendant.

17. After sending the "STOP" instruction, Defendant replied with a text message acknowledging the "STOP" instruction and identifying itself as "5E Real Estate."

18. As a result, Defendant did not identify itself until after Plaintiff provided a "STOP" instruction to Defendant.

19. Defendant's website, www.sellmydallashousefast.com, touts that it seeks to purchase and resell residential real estate.

20. Defendant's website also advertises that it pairs numerous services with its offers to purchase properties from consumers.

21. In a video interview posted on Defendant's website, a customer named "Joe" indicated that Defendant helped sell his home by arranging for title services and for a notary to come to "Joe's" residence to sign closing paperwork prepared for him.[1]

22. In a customer review by "Victoria Flores," she indicated that Defendant "[l]ed by Preston, the team's professionalism, expertise, and transparent communication made the sale of my investment property seamless!" [2]

23. In a customer review by "Lamont Hoffman," he indicated that Defendant "bent over backwards to help us in the sale of our house." [3]

24. As another example, on its website, Defendant notes that customers "don't have to deal with the paperwork and the waiting and wondering (and hoping)."[4]

25. Upon information and good faith belief, in exchange for providing these services, Defendant pays substantially below fair market value for the homes it seeks to purchase.

26. In fact, Defendant bluntly states as much, noting that "[m]any of the houses we purchase are below market value (we do this so we can resell it at a profit to another home owner). We are looking to get a fair discount on a property."[5]

27. Additionally, Defendant also directly advertises that: "[i]f selling your home on the MLS (Multiple Listing Service) is the best solution we can help you with that too!"[6]

---

[1] https://www.sellmydallashousefast.com/reviews/ (last visited September 11, 2024).
[2] *Id*.
[3] *Id*.
[4] https://www.sellmydallashousefast.com/ (last visited September 11, 2024).
[5] https://www.sellmydallashousefast.com/faq/ (last visited September 11, 2024).
[6] https://www.sellmydallashousefast.com/our-company/ (last visited September 11, 2024).

4

28. As a result, Defendant necessarily offers to pair numerous services offered by a real estate agent—appraising the fair market value of the property, arranging for title and escrow services, and listing properties on the Multiple Listing Service, akin to a conventional real estate agent—with its communications to Plaintiff.[7]

29. Upon information and belief, Defendant seeks to supplant the role of a traditional real estate agent while providing the same services as a real estate agent, and in exchange for doing so, is compensated by obtaining a homeowner's property at a reduced price, and thereafter selling it at an inflated price.

30. As a result, Defendant would be (and, upon belief and information, is) compensated for its services in an analogous manner to a real estate agent: after providing services to facilitate the transaction, receiving compensation from the proceeds related to the buying or selling of a home.

31. Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to her cellular telephone number.

32. The text messages at issue were sent for non-emergency purposes.

33. Upon information and good faith belief, the text messages at issue were sent by Defendant voluntarily.

34. The purpose of the text messages at issue was to advertise and to market Defendant's business or services.

---

[7] *See, e.g.*, https://www.liveabout.com/what-real-estate-agents-do-2866370 (noting that real estate agents assist home sellers by, among other things, "[d]etermin[ing[ the home's value in the current market"; "[c]oordinat[ing] the process from signing the contract to closing the deal, including scheduling inspections, preparing documents and other items necessary to close"; and "help[ing] the seller to try to get the price they want and to obtain a signed purchase agreement.") (last visited September 11, 2024).

35. Additionally, upon information and belief, Defendant also collects motivated seller consumer data and resells that information to investors, including by way of executing assignment contracts.

36. As a result, Defendant either (1) solicited Plaintiff to sell her home to it at a discount in order for Defendant to resell or rent Plaintiff's home, or (2) solicited Plaintiff to submit her information to Defendant's lead generation service and, if Plaintiff expressed an interest in selling her home, Defendant would then sell that via an assignment contract to investors for a profit.

37. Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to her cellular telephone number.

38. Plaintiff suffered actual harm as a result of the text messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

39. Plaintiff suffered additional harm due to her frustration and difficulty in identifying the entity and persons responsible for the unwanted advertisement or marketing text messages to her cellular telephone number.

40. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered her cellular telephone number with the DNC Registry.

## Class Action Allegations

41. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom 5E Real Estate LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting 5E Real Estate LLC's or its business partners' goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days 5E Real Estate LLC delivered, or caused to be delivered, at least two of the text messages within the 12-

month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:**

All persons and entities throughout the United States (1) to whom 5E Real Estate LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting 5E Real Estate LLC's or its business partners' goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of 5E Real Estate LLC, and a telephone number or address at which 5E Real Estate LLC may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

42. Excluded from the classes are Defendant, its officers, directors, managers, and members, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

43. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

44. The exact number of members of the classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

45. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

46. In addition, the members of the classes are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

47. Plaintiff's claims are typical of the claims of the members of the classes.

48. As it did for all members of the Federal Do-Not-Call Registry Class, Defendant delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered her cellular telephone number with the DNC Registry.

49. As it did for all members of the Sender Identification Class, Defendant delivered

solicitation text messages to Plaintiff's telephone number where the subject text messages did not state the name of the individual caller, the name of Defendant, and a telephone number or address at which it may be contacted.

50. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

51. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

52. Plaintiff suffered the same injuries as the members of the classes.

53. Plaintiff will fairly and adequately protect the interests of the members of the classes.

54. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

55. Plaintiff will vigorously pursue the claims of the members of the classes.

56. Plaintiff has retained counsel experienced and competent in class action litigation.

57. Plaintiff's counsel will vigorously pursue this matter.

58. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

59. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

60. Issues of law and fact common to all members of the classes are:

    a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

  b. For the Federal Do-Not-Call Registry Class, Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

  c. For the Sender Identification Class, Defendant's practice of delivering text messages, for solicitation purposes, without identifying the name of the individual caller, the name of Defendant, and a telephone number or address at which Defendant may be contacted;

  d. Defendant's violations of the TCPA; and

  e. The availability of statutory penalties.

61. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

62. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

63. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

64. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

65. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

66. The damages suffered by the individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

67. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

68. There will be no extraordinary difficulty in the management of this action as a class action.

69. Defendant acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(c)(5)
### On behalf of the Federal Do-Not-Call Registry Class

70. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-69.

71. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

72. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

73. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

74. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

75. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

76. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

77. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

### Count II
### Violation of 47 U.S.C. § 227(c)(5)
### On behalf of the Sender Identification Class

78. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-69.

79. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

80. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

81. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

82. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

83. Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

84. Defendant therefore violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Sender Identification Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200(d)(4).

85. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff, and the members of the Sender Identification Class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e. Enjoining Defendant from continuing its violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f. Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g. Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(c)(5)(C);

h. Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

   i.  Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

   j.  Awarding such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

### CERTIFCATE OF COMPLIANCE WITH LOCAL RULE 83.10

In light of Local Rule 83.10(a), the undersigned, Bryan A. Giribaldo, Esq., certifies that he resides in Dallas, Texas and that his residence is located within 50 miles of the courthouse for the Dallas Division of the Northern District of Texas. *See, e.g.*, *Atari Interactive Inc v. State Farm Mutual Automobile Insurance Company et al.*, Case No. 3:24-cv-00704-D, ECF No. 50 ("The court has determined that Bryan A. Giribaldo, Esquire, satisfies the local counsel requirement based on his Dallas residence.").

Date: September 12, 2024.  */s/ Bryan A. Giribaldo*
             Bryan A. Giribaldo
             Texas Bar No. 24124547
             **PARDELL, KRUZYK & GIRIBALDO, PLLC**
             7500 Rialto Blvd., Suite 1-250
             Austin, Texas 78735
             Tel: (561) 726-8444
             Fax: (877) 453-8003
             bgiribaldo@pkglegal.com

             *Counsel for Plaintiff and the proposed classes*